IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-01697

Federated Mutual Insurance Company,
a foreign corporation,

       Plaintiff,

  v.

Sidney Tenney;
England Fence Company, LLC,
a Colorado limited liability company;
and Samuel Jesse Spencer, III,

       Defendants.

---

## COMPLAINT FOR DECLARATORY JUDGMENT
---

      The Plaintiff, Federated Mutual Insurance Company ("Federated"), by and through its undersigned counsel, brings this Complaint for Declaratory Judgment against Defendants Sidney Tenney ("Tenney"), England Fence Company, LLC ("England Fence"), and Samuel Jesse Spencer, III ("Spencer"). In support of this Complaint, Federated alleges the following:

**<ins>Jurisdiction and Venue</ins>**

      1.    Plaintiff Federated is in the business of selling insurance. It is a Minnesota corporation with its principal place of business in Minnesota. Federated is, therefore, a citizen of Minnesota.

2.      Defendant England Fence, is a Colorado limited liability company whose members all are individuals residing in Colorado. England Fence is, therefore, a citizen of Colorado.

3.      Defendant Tenney is an individual residing in Texas. Tenney is, therefore, a citizen of Texas.

4.      Defendant Spencer is an individual residing in Colorado. Spencer is, therefore, a citizen of Colorado.

5.      Spencer is named as a Defendant because he has or may have an interest in the outcome of this coverage.

6.      Spencer may choose to not be a party to this action by stipulating to be bound by its final disposition.  If Spencer stipulates to be bound by the final disposition in this declaratory action, Federated will voluntarily dismiss Spencer from this action.

7.      England Fence is named as a Defendant because it has or may have an interest in the outcome of this coverage action.

8.      England Fence may choose to not be a party to this action by stipulating to be bound by its final disposition.  If England Fence stipulates to be bound by the final disposition in this declaratory action, Federated will voluntarily dismiss the England Fence from this action.

9.      The amount in controversy exceeds the sum or value of $75,000; specifically, Spencer seeks damages from Tenney and England Fence that exceed $75,000, and the

declaratory relief sought herein involves the issue of whether insurance policies issued by Federated cover those damages. Additionally, this dispute involves the issue of whether those insurance policies obligate Federated to defend Tenney. Defense expenses have been and continue to be incurred by Federated on Tenney's behalf.

10.    Federated denies that the policies of insurance issued by Federated to England Fence provide coverage for the damages sought by Spencer from Tenney.

11.    Federated brings this complaint for the purpose of obtaining declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202. Federated seeks a determination of the parties' respective rights and obligations under the policies. In connection with its request for declaratory relief, Federated also seeks an order requiring reimbursement of all sums paid, but not owed, under the policies.

12.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this judicial district.

### The Federated Commercial Package Policy

13.    Federated issued Commercial Package Policy 9129485 to England Fence for the policy period from April 15, 2107 to April 15, 2018 (the "Policy").

14.    Subject to all of its terms, conditions, exclusions, and endorsements, the Policy provides Commercial General Liability Coverage with limits of $1 million per occurrence and $2 million in the general aggregate limit. Coverage under the Policy also is subject to a deductible of $1,000 per occurrence.

15.     The Policy's Bodily Injury and Property Damage Liability Insuring Agreement

provides in relevant part as follows:

a.      [Federated] will pay those sums that the insured becomes legally

obligated to pay as damages because of "bodily injury" * * * to which

this insurance applies * * * However, [Federated] will have no duty to

defend the insured against any "suit" seeking damages for "bodily

injury" * * * to which this insurance does not apply * * *

b.      This insurance applies to "bodily injury" * * * only if:

(1)     The "bodily injury" * * * is caused by an "occurrence" * * *

16.     The policy defines the term "occurrence" as "an accident, including continuous

or repeated exposure to substantially the same general harmful conditions."

17.     The Policy also has an exclusion applicable to Expected or Intended Injury,

which provides in relevant part that the "insurance does not apply to * * * "[b]odily injury" *

* * expected or intended from the standpoint of the insured* * *."

18.     The Policy identifies who is an insured as follows:

**Section II – WHO IS AN INSURED**

**1.**      If you are designated in the Declarations as:

**\* \* \***

**c.**      A limited liability company, you are an insured. Your members

are also insureds, but only with respect to the conduct of your

business. Your managers are insureds, but only with respect to

their duties as your managers.

* * *

**2.**     Each of the following is also an insured:

**a.**     * * * your "employees", other than * * * your managers (if you are a

limited liability company), but only for acts within the scope of their

employment by you or while performing duties related to the conduct

of your business. * * *

## The Federated Commercial Umbrella Policy

19.     Federated also issued Commercial Umbrella Liability Policy 9129488 to

England Fence for the policy period from April 15, 2107 to April 15, 2018 (the "Umbrella

Policy").

20.     Subject to all of its terms, conditions, exclusions, and endorsements, the

Umbrella Policy provides excess liability coverage with limits of $1 million per occurrence

and $1 million in the aggregate.

21.     The Umbrella Policy's Bodily Injury and Property Damage Liability Insuring

Agreement provides as follows:

/ / /

/ / /

/ / /

**A.     EXCESS LIABILITY COVERAGES**

We will pay on behalf of the insured those sums the insured becomes legally

obligated to pay as damages that are in excess of the applicable limits of

"underlying insurance" because of "bodily injury" * * *

> **2.**     that is covered by "underlying insurance". * * *

22.    The Umbrella Policy incorporates all of the exclusions in the underlying

Policy, as well as an exclusion for punitive damages, as follows:

## SECTION III. EXCLUSIONS

**A.**     With respect to **A.   EXCESS LIABILITY COVERAGES,**  in

addition to all exclusions contained within the applicable "underlying

insurance" the following exclusions also apply and this insurance does

not apply to:

> **1.**     Punitive damages awarded against an insured unless insurable
>
> by applicable law and covered by "underlying insurance."

23.    The Umbrella Policy identifies who is an insured, as follows:

**A.**     With respect to **A. EXCESS LIABILITY COVERAGES**, refer to the

applicable "underlying insurance" to determine who is an insured * * *

### Tenney's Criminal Conviction for Assault With a Deadly Weapon

24.    On April 25, 2017, Tenney assaulted Spencer with a shovel (the "Assault").

25.    The assault happened in a parking lot at England Fence's place of business.

26.     A criminal complaint was lodged against Tenney in connection with the Assault and Tenney pled guilty to the offense of assault in the second degree (with a deadly weapon) – a class 4 felony.

27.     The Plea Agreement signed by Tenney and his counsel states, in pertinent part, that:

> On or about April 25, 2017, [Tenney], with intent to cause bodily injury to another, unlawfully and feloniously caused bodily injury to [Spencer] by means of a deadly weapon, namely: shovel; in violation of section 18-3-203(1)(b), C.R.S. * * *
>
> A person acts "intentionally" or "with intent" when his * * * conscious objective is to cause the specific proscribed by the statute defining the offense. * * *

### The Underlying Civil Lawsuit Brought by Spencer

28.     On or about April 5, 2018, Spencer filed a lawsuit against Tenney and England Fence captioned *Samuel Jesse Spencer III v. England Fence Company, LLC and Sidney Tenney*, District Court, Montrose County, Colorado Case No. 2018CV030027 (the "Lawsuit").  Although the Complaint filed in the Lawsuit purports to assert a cause of action for negligence against Tenney, it alleges that Tenney "brutally" and "violently attacked" and "assaulted" Mr. Spencer by striking him in the back of the head and neck with a shovel.

29.     Federated agreed to provide a defense to Tenney in the Lawsuit. However, Tenney's defense is being provided under a reservation of all of Federated's rights under the Policies and applicable law, including its right to deny coverage, its right to file this declaratory judgment action, and its right to seek reimbursement for defense costs incurred by Federated in defending Tenney in the Lawsuit.

## FIRST CLAIM FOR RELIEF
## (DECLARATORY JUDGMENT REGARDING THE DUTY TO INDEMNIFY)

30.     Federated realleges paragraphs 1 through 29 above as if fully set forth in this claim for relief.

31.     The claims and damages alleged by Spencer against Tenney in the Lawsuit are not covered by the Policies and, therefore, Federated has no duty to indemnify Tenney in connection with the Lawsuit.

32.     The claims and damages alleged by Spencer against Tenney in the Lawsuit are not covered by the Policies for reasons including, but not limited to, the following: (a) Tenney's assault of Spencer with a shovel is not an "occurrence" with the meaning of the Policy's insuring agreement; (b) one or more of the Policies' exclusions, including the exclusion for bodily injury expected or intended from the standpoint of the insured, apply.

33.     An "actual controversy" exists within the meaning of 28 U.S.C. §§ 2201 & 2202 between Federated on the one hand and Defendants on the other regarding the coverage available under the Policies.

34.     Federated is entitled to a judicial declaration that it has no obligation under the Policies to indemnify Tenney, or to pay Spencer, for any portion of any judgment or settlement in the Lawsuit.

## SECOND CLAIM FOR RELIEF
### (DECLARATORY JUDGMENT REGARDING DUTY TO DEFEND)

35.     Federated realleges paragraphs 1 through 34 above as if fully set forth in this claim for relief.

36.     The damages sought from Tenney in the Lawsuit do not fall within any of the coverage provided by the Policies.

37.     Because none of the damages sought are covered by the Policies, Federated has no duty to defend or pay defense expenses incurred on behalf of Tenney in the Lawsuit.

38.     Federated has incurred defense expenses on behalf of, and for the benefit of, Tenney in the Lawsuit.

39.     An "actual controversy" exists within the meaning of 28 U.S.C. §§ 2201 & 2202 between Federated on the one hand and Tenney on the other regarding whether a duty to defend or to pay defense costs existed under the Policies.

40.     Federated is entitled to a judicial declaration that it has no obligation under the Policies to defend or pay defense costs on behalf of Tenney in connection with the Lawsuit.

41.     Federated is entitled to reimbursement from Tenney of all sums incurred in the defense of Tenney in connection with the Lawsuit.

/ / /

## **PRAYER FOR RELIEF**

WHEREFORE, Federated respectfully asks this Court to enter judgment in its favor, and against Defendants as follows:

A.    Declaring that the Policies do not provide coverage for claims and damages alleged in the Lawsuit against Tenney, and that Federated has no obligation to indemnify Tenney in connection with the Lawsuit;

B.    Declaring that Federated has, and had, no obligation to defend Tenney in connection with the Lawsuit;

C.    Declaring that Tenney is obligated to reimburse Federated for those sums Federated has paid in defense expenses on his behalf in connection with the Lawsuit, and awarding Federated those sums, as determined by the Court, together with pre- and post-judgment interest;

D.    Awarding Federated its costs and attorney fees incurred herein; and

E.    Awarding or granting to Federated such other relief as the court deems just and equitable.

/ / /

/ / /

/ / /

/ / /

/ / /

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable to a jury under Colorado law.

RESPECTFULLY SUBMITTED June 11, 2019.

MEAGHER & GEER, P.L.L.P.

*s/ Kathleen L. Beiermeister*
Thomas H. Crouch
Kathleen L. Beiermeister
16767 N. Perimeter Drive, Suite 210
Scottsdale, AZ  85260
(480) 607-9719
tcrouch@meagher.com
kbeiermeister@meagher.com

TREECE ALFREY MUSAT P.C.

Jeremy L. Swift
633 17th Street, Suite 2200
Denver, Colorado 80202
(303) 292-2700
jswift@tamlegal.com
*Attorneys for Plaintiff Federated Mutual*
*Insurance Company*

Address of Plaintiff:

121 East Park Square
Owatonna, MN 55060-0328